IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MR. JAMES M. WILLIAMS,           *

   Plaintiff,                  *

      v                        *   Civil Action No. DKC-18-2005

A. CONNER, CO II,                *

   Defendant.                  *
                             ***

**MEMORANDUM OPINION**

Defendant Officer Amy Conner, a correctional officer at North Branch Correctional Institution (NBCI), filed a motion to dismiss or for summary judgment in response to this civil rights complaint filed by Plaintiff James M. Williams. ECF No. 17. Mr. Williams opposes the motion. ECF No. 20. No hearing is deemed necessary for determination of the pending matters. *See* Local Rule 105.6 (D. Md 2018). For the reasons that follow, Defendant's motion, construed as a motion to dismiss will be granted.

**Background**

Mr. Williams, an inmate confined to NBCI, complains that on January 14, 2018, Officer Conner moved him into a housing unit cell with another inmate where he should not have been placed. ECF No. 1 at p. 2. When he explained this to Officer Conner, she advised Mr. Williams to spend one night there and she would address the matter the following morning. *Id*. The following morning, Mr. Williams was removed from his cell by Officers Conner and S. Keel, who placed him into a holding cell. *Id*. Mr. Williams asked the two officers to secure his personal property left in the cell so that his cellmate would not steal it. *Id*. The request was not honored; rather, Officer Conner had Mr. Williams' property packed-up by his cellmate without Mr. Williams being present. *Id*.

When Officer Conner later began an inventory of Mr. Williams's property in his presence he noticed that several items of his property including an X-box, food, and games, were missing. ECF No. 1 at p. 2. When Mr. Williams told Officer Conner his property was missing he claims that she said that she was not going back to his cell to see if anything was stolen because Mr. Williams had "already fucked-up the holiday weekend." *Id*. Mr. Williams states that there were two other officers present during the inventory of his property who expressed to him that Officer Conner was wrong for the way she packed his property and for refusing to investigate whether it was stolen. *Id*. at p. 3. The two officers Mr. Williams spoke to, whose names he does not provide because their signatures are illegible (*see id*. at p. 4), further advised that they would investigate the matter, but only after Officer Conner left the area because she told them not to do so. *Id*. at p. 3. As relief Mr. Williams asks this court to "make NBCI be (sic) responsible for the property and food that was stolen." *Id*. at p. 5.

**Standard of Review**

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)) (once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint').

**Analysis**

The United States Supreme Court has held that claims of negligent deprivation of property by a prison official do not implicate the Due Process Clause. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986). A claim of intentional deprivation of property by a prison official also would not state a constitutional due process claim, provided that the prisoner has access to an adequate

post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Tydings v. Dep't of Corrections*, 714 F.2d 11, 12 (4th Cir. 1983) (finding that Virginia law provides for an adequate post-deprivation remedy). The right to seek damages and injunctive relief in Maryland courts in a tort action constitutes an adequate post-deprivation remedy for inmates in Maryland prisons. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982) ("[T]here is no question that the relief available to plaintiff in state court is adequate."); *see also Hawes v. Foxwell*, No. DKC-17-2598, 2018 WL 2389060 at *4 (D. Md. May 25, 2018) (noting that the Maryland Tort Claims Act and the IGO provide adequate post-deprivation remedies), *Fuller v. Warden*, No. WMN-12-43, 2012 WL 831936 at *2 (D. Md. Mar. 8, 2012).

Thus, the claim that Mr. Williams' personal property was stolen due to an alleged dereliction of Officer Conner's duties does not state a constitutional claim for relief. *See Hawes*, 2018 WL 2389060 at *4 (D. Md. May 25, 2018) (dismissing an inmate's property loss claim for failure to state a cognizable constitutional claim); *Fuller v. Horning*, No. WMN-11-1917, 2012 WL 2342947, at *7 (D. Md. June 19, 2012), *aff'd,* 504 F. App'x 218 (4th Cir. 2013) (stating that "removal of property from a prisoner simply does not state a constitutional claim"); *Young-Bey v. Miller*, No. JKB-16-3435, 2018 WL 4108076 at *4 (D. Md. Aug 29, 2018) (holding that a claim that personal property was destroyed did not assert a constitutional violation).

A complaint that is dismissed as frivolous, malicious, or for failure to state a claim qualifies for a "strike" under the Prisoner Litigation Reform Act as codified by 28 U.S.C. § 1915(g). *See Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) (dismissal of complaint on grounds enumerated in § 1915(g), and not procedural posture at dismissal, determines whether the dismissal qualifies as a strike). Mr. Williams is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has

4

on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Accordingly, by separate Order which follows, the complaint will be dismissed for failure to state a claim and a "strike" shall be issued.

June 5, 2019

/s/
DEBORAH K. CHASANOW
United States District Judge